United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL ACTION NO. 6:03-44-2 |
| § | CIVIL ACTION NO. 6:16-26 |
| MIKEAL GLEN STINE, § | |
|    Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Mikeal Glen Stine filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 206. The Court concludes that it is not necessary to order a Government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 RULES).

**I. Background**

Movant was convicted in 2003 of aiding and abetting bank robbery and conspiracy to commit bank robbery. He was sentenced to a total of 262 months in prison, three years' supervised release, and ordered to pay $14,959 in restitution. In 2006, Movant filed a motion to vacate under 28 U.S.C. § 2255, memorandum in support, and supplement raising numerous grounds for relief[1] (D.E. 135, 136, 151), which the Court denied (D.E. 164, 165). Movant's current § 2255 motion claims that he was wrongfully sentenced under the Armed Career

---

1. Specifically, Movant complained that: (1) defense counsel did not permit Movant to testify at trial; (2) the indictment was obtained by perjured testimony; (3) the Government failed to turn over letters by a witness that would have disclosed a plan by that witness to perjure herself; (4) trial counsel was ineffective when he failed to investigate a letter sent to him by a Government witness claiming that she had lied about Movant's involvement; (5) Movant was threatened with violence to get him to talk to the FBI; (6); the Government failed to correct its witness's perjured testimony; and (7) Movant was wrongfully sentenced as a career offender because walking away from a halfway house is not a crime of violence.

1

Criminal Act, which was declared unconstitutional by the Supreme Court's recent decision in *Johnson v. United States*, 136 S.Ct. 2551 (2015).

## II. Analysis

Because Movant's present § 2255 motion was filed after a previous § 2255 motion, his current motion is second or successive. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before the Court.** 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Movant's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, the Court does not have jurisdiction over the motion. Accordingly, Movant's motion is dismissed as second or successive. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

**III. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Movant cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. Conclusion

For the foregoing reasons, Movant's § 2255 motion (D.E. 206) is **DISMISSED** pursuant to Rule 4(b) and he is **DENIED** a Certificate of Appealability. His motion to proceed *in forma pauperis* (D.E. 207) is **DENIED** as moot.

The Clerk is instructed to transfer Movant's § 2255 motion to the Fifth Circuit Court of Appeals as an unauthorized second or successive motion. *See In re Epps*, 127 F.3d 364, 365 (1997). The Clerk is further instructed to send Movant copies of Docket Entries 135, 136, 151, 164, and 165.

It is so **ORDERED** this 31st day of May, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE